UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　v.<br><br>VICTOR COLBORN,<br><br>　　　Defendant. | NO. CR 15-00242 JSC<br><br>ORDER DENYING MOTION TO DISMISS<br><br>Dkt.No. 5 |

Defendant Victor Colburn was arrested for driving on federal land under the influence of alcohol in March 2014. Nearly thirteen months later the government filed an information charging Colburn with two class B misdemeanors: Operating a Motor Vehicle Under the Influence of Alcohol, 36 C.F.R. § 1004.23(a)(1) and Operating a Motor Vehicle with a BAC of 0.08% or Greater, 36 C.F.R. § 1004.23(a)(2). Although the statute of limitations for each charge is five years, Defendant now moves to dismiss the information on the grounds that the 13-month delay in prosecution violated his Fifth Amendment right to due process. After carefully considering the papers and evidence submitted by the parties, and having had the benefit of oral argument on September 24, 2015, the Court DENIES the motion. Defendant has not met his heavy burden of producing actual, non-speculative proof of prejudice from the delay.

1

## DISCUSSION

"Delay violating a defendant's Fifth Amendment due process rights requires dismissal of the charges even if the statute of limitations has not expired." *United States v. Doe*, 149 F.3d 945, 948 (9th Cir. 1998). The Ninth Circuit applies a two-part test to determine whether pre-accusation delay violated a defendant's due process rights. *Id.* "Under the first prong of the due process analysis, a defendant must prove that he suffered actual, non-speculative prejudice from the delay." *Id.* (internal quotation marks and citation omitted). If the first prong is not met, the inquiry is over. *Id.* If the defendant meets the first prong, then a defendant "must show the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* (quotation marks and citation omitted).

The burden on a defendant of showing the delay caused actual prejudice is "heavy." *United States v. Sherlock*, 962 F.2d 1349 (9th Cir. 1989). Indeed, it is so heavy that in 1992 the Ninth Circuit commented that "[t]he task of establishing the requisite prejudice for a possible due process violation is 'so heavy' that we have found only two cases since 1975 in which any circuit has upheld a due process claim." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). And Defendant has not identified any cases since then. This case is no exception.

Defendant argues that because of the delay he cannot remember what and when he ate at the event (where he admittedly consumed alcohol) immediately preceding his arrest. He insists that had he been charged earlier (although he does not specify how much earlier) he might have remembered such facts which are relevant to a rising BAC defense, a defense which is quite possible under the facts of this case. But the Ninth Circuit "normally considers lost testimony to have been adequately protected when the government brings charges within the applicable statute of limitation." *Doe*, 149 F.3d at 948. Thus, Defendant has not met his burden unless he has shown "that the lost testimony actually impaired meaningfully [his] ability to defend himself." *Id.* (internal quotation marks and citation omitted). Defendant has not made this showing. For example, the event he attended immediately preceding his arrest was a charity event at a bowling alley. Defendant has not shown that there are no records from that event which would shed light on who was there and what food was served and when. That the three people who Defendant interviewed do not remember is insufficient.

2

But more importantly, he has not demonstrated that if the government filed charges in what Defendant describes as a more reasonable time, Defendant would have remembered what he ate and when and more precisely what he drank and when. The facts Defendant contends he does not remember are details which may be lost within days and certainly weeks of an incident. Further, he has not shown that if he (or others) could remember more facts they would support a rising BAC defense. While it is possible, it is also possible that such facts would not.

In *United States v. Dudden*, 65 F.3d 1461 (9th Cir. 1995), for example, the defendant was indicted regarding a drug transaction "just barely within the five-year statute of limitations." *Id.* at 1465. The defendant argued that because of the delay documentary evidence, such as bank, telephone and employment records, were lost. *Id* at 1466. The Ninth Circuit rejected the argument: "[e]mployment records that could have shown that [the defendant] was not working at the hotel the night of the transaction, and registration records that [the defendant] claims 'would have either confirmed or denied' the government's version of events, might well have supported the prosecution's case." *Id.*; *see also United States v. Rogers*, 722 F.2d 557, 561-62 (9th Cir. 1983) ("The assertion that missing testimony might have been useful, however, does not show the 'actual' prejudice" required for a due process delayed prosecution violation). The result is the same here. Defendant's expert's testimony that Defendant's BAC *could have* been below 0.08% when he was stopped, and that without more precise information as to the "time(s) and exact types/sizes of alcoholic beverages and/or food consumed by Mr. Colburn" "it is impossible to adequately evaluate the potential for" rising blood alcohol concentration (Dkt. No. 8 ¶¶ 21, 22), is simply an argument that the lost memories might or might not have supported a defense. As in the above cases, such a showing does not meet Defendant's heavy burden.

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss is denied. While there appears to be no good reason for the government's delay, and justice is better served when the government acts more promptly, Defendant has not met his burden of establishing that the delay violated his Fifth Amendment rights.

3

**IT IS SO ORDERED.**

Dated: September 25, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge